IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS DICKS, JR. and WANDA DICKS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION NO. 07-00614-CG-B<br>) |
| STATE FARM FIRE AND CASUALTY CO., | )<br>)<br>) |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of defendant, State Farm Fire and Casualty Co., ("State Farm") for summary judgment (Doc. 27), plaintiffs' opposition thereto (Doc. 32), State Farm's reply (Doc. 34), plaintiffs' supplemental filing (Doc. 39), State Farm's response to supplemental filing (Doc. 43), State Farm's motion to strike (Doc. 36), plaintiffs' opposition to the motion to strike (Doc. 37), and State Farm's reply (Doc. 40). The court finds that plaintiffs have not shown that there is a genuine issue of material fact regarding whether plaintiffs' condominium sustained damage from Hurricane Katrina. The court further finds that plaintiffs have not adequately supported their bad faith claim. Therefore, State Farm's motion for summary judgment is due to be **GRANTED**.

## FACTS

This case arises from damage plaintiffs' allege they incurred to their condominium unit from Hurricane Katrina on August 29, 2005. At that time, plaintiffs maintained an insurance policy on the condominium through State Farm. Plaintiffs made claims under the policy for

physical damage to the property; additional living expenses; loss of rent; and a special assessment from the homeowners association.  State Farm denied plaintiffs' claims and plaintiffs filed this action.  The complaint asserts claims for 1) breach of contract, 2) bad faith failure to pay or adequately investigate, and 3) fraudulent representation concerning coverage.

Prior to Hurricane Katrina, plaintiffs' condominium sustained damage from Hurricane Ivan. (Thomas Dicks Depo. p. 21).  Hurricane Ivan damaged sheet-rock throughout plaintiffs' unit, damaged the ceiling, damaged behind the sheet-rock – behind the cabinets, damaged the carpet, destroyed the bathrooms, and did minor damage to plaintiffs' furniture. (Id.).  State Farm inspected plaintiffs' condominium unit in July 2005. (Id. at p. 38).  State Farm paid plaintiffs approximately $70,000 under their policy for damage from Hurricane Ivan. (Id. at p. 36).   Some of the damage to plaintiffs' condominium was also covered by the homeowner association.  (Defendant's Ex. G).  When Hurricane Katrina hit, some of the repairs from Hurricane Ivan had not yet been completed. (Complaint ¶ 6; Defendant's Ex. H; Thomas Dicks Depo. p. 30).  At that time, "a good bit of work" still had to be done including sheet rock repair and painting. (Thomas Dicks Depo. pp. 30-33).  The Hurricane Ivan repairs were completed on December 9, 2005, more than two months after Hurricane Katrina. (Defendant's Ex. K).

On September 3, 2005, a few days after Hurricane Katrina, Mr. Dicks called State Farm's claim office to notify them that his condominium may have damage from Katrina. (Thomas Dicks Depo. pp. 40, 45; Defendant's Ex. L).  On September 7, 2005, State Farm sent a claims representative, Aaron Lang, to the condominium to investigate the damage. (Defendant's Ex. L at 00026; Roney Depo. at p. 71).  Mr. Lang was also employed with State Farm at the time of Hurricane Ivan and was involved with the investigation of the Dickses' Hurricane Ivan claim.

(Thomas Dicks Depo. p. 34).  Mr. Lang inspected the property, took pictures and reported that there was no damage to the unit from Hurricane Katrina. (Defendant's Ex. L at 00026).  Steve Hill, the Director of Association Management, who was involved in assessing damage to the condominium units from hurricanes and coordinating repairs, was present when Mr. Lang inspected the property and also found that there was no additional damage to Plaintiffs' unit from Hurricane Katrina. (Hill Depo. pp. 7, 8, 11).   At the time of his deposition, April 8, 2008, Hill had no independent recollection of how plaintiffs' unit looked prior to Katrina and would have to refer to his records to determine which units received damage from Hurricane Katrina. (Hill Depo. pp. 31, 38).  Mr. Dicks, however, agrees that on June 15, 2006, when the condominium was inspected, Mr. Hill said that there was no damage from Katrina and that all repairs were for damage from Ivan. (Dicks Depo. p. 86).

   Plaintiffs do not reside in the condominium and the first time they went to the condominium after Hurricane Katrina was in November 2005. (Thomas Dicks Depo. p. 45). Plaintiffs did not notify State Farm that they had visited the condominium or that they believed after viewing the unit that they had damage from Hurricane Katrina until January 9, 2006. (Thomas Dicks Depo. pp. 42-46; Defendant's Ex. E).

   An April 20, 2006, letter to plaintiffs from Mr. Lang, begins with the following statement:

> Based upon the results of our discussions, site inspection, and investigation, no covered damage has been found in your unit.  We have previously requested that you display any damages.  There have been no damages displayed.

(Doc. 35 Ex. O).  The April 20, 2006, letter then refers plaintiffs to policy provisions pertaining to coverage for  "loss of use" and states that the company reserves its rights to assert additional

3

policy defenses at any time. (Id.).

On June 15, 2006, State Farm Claims Representative, Clark Langan, re-inspected plaintiffs' condominium unit. (Defendant's Ex. L at 00021; Roney Depo. pp. 102-03, Hill Depo. pp. 15-17). Langan inspected the unit, took photographs, spoke with Mr. Dicks and met with Steve Hill to discuss the damage to plaintiffs' condominium. (Hill Depo. pp. 15-17, Defendant's Ex. L at 00021). On June 20, 2006, Langan sent plaintiffs a letter thanking Mr. Dicks for meeting with him on June 15, 2006, and stating that Langan had reviewed all photos and file documentation of plaintiffs' prior Hurricane Ivan claim, as well as his Hurricane Katrina claim, and found no evidence of any covered loss from Hurricane Katrina. . (Defendant's Ex. P).

A contractor who did some interior painting and repairs to the condominium unit after Hurricane Katrina, Steve Smith, states that "it was evident" that the condominium sustained water damage from Hurricane Katrina. (Smith Affid.). Smith also states that he was never contacted by any adjustor or anyone from State Farm about the damage he observed and repaired. (Id.). Plaintiffs state that they sustained water damage in the sheet-rock in both bathrooms, some on the dining room wall, in the kitchen, and in the ceiling in the master bedroom. (Dicks Depo. p. 93). Mr. Dicks testified at his deposition that pictures of his condominium showed water damage to sheet-rock from Hurricane Katrina, but he also stated that the condominium association repaired the damage. (Dicks Depo. p. 116).

## LEGAL ANALYSIS

**A. Motion to Strike**

Defendant moves to strike the affidavit of Steve Smith on the basis that his legal conclusions are merely beliefs, not based on personal knowledge and because plaintiffs failed to

timely disclose Mr. Smith as a person with discoverable information.  However, the court is cognizant of the fact that Smith has not been offered as an expert and that his statements are merely that of a lay fact witness.  After taking into consideration the context of Smith's statement, the court finds the evidence is not material to the court's determination, as the result would be the same if the evidence were not considered by the court.  Mr. Smith does not profess to have observed or have any knowledge of the state of plaintiffs' condominium prior to Hurricane Katrina and has only stated that after Hurricane Katrina there was obvious damage to the unit.  Viewed in this light, the court finds that the motion to strike is **MOOT**.

**B. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  See Anderson, 477 U.S. at 251-252.

The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**C. Plaintiffs' Claims**

The complaint asserts claims for 1) breach of contract, 2) bad faith failure to pay or

adequately investigate, and 3) fraudulent representation concerning coverage.  Plaintiffs state in their response that they "voluntarily abandon all asserted fraud-based causes of action and do not oppose granting a summary judgment in State Farm's favor as to such causes of action." (Doc. 32, p. 1).  Plaintiffs also acknowledge that they do not have a viable claim in connection with the denial of coverage for a "loss assessment" for increased insurance premiums charged by the association. (Id. at p.p. 1-2).  Therefore, summary judgment will be granted as to plaintiffs' fraud claim and plaintiffs' breach of contract and bad faith claim to the extent they were based on the denial of coverage for loss assessment.  However, plaintiffs oppose defendant's motion for summary judgment as to their remaining bases for breach of contract and bad faith.

**1. Breach of Contract**

A plaintiff can establish a claim for breach of contract by showing "(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages."  State Farm Fire & Cas. Co. v. Slade, 747 So.2d 293, 303 (Ala. 1999)(citing S. Med. Health Sys., Inc. v. Vaughn, 669 So.2d 98, 99 (Ala. 1995)(citations omitted)).  Here, there is no dispute that a valid contract existed between the plaintiffs and defendant.  There is also no dispute that plaintiffs have satisfied their duty of paying the premiums due under the contract and that State Farm has offered to pay what it contends it owes plaintiffs under the contract.  However, the parties dispute whether the payment tendered by State Farm constitutes full performance under the contract.

State Farm asserts that summary judgment should be granted because 1) plaintiffs have not presented substantial evidence that their condominium unit sustained damage from Hurricane Katrina and 2) because plaintiffs failed to timely notify State Farm of their damage as required under the policy.  After Hurricane Katrina, State Farm's representatives inspected the property more than once and determined that the condominium sustained no damage from Katrina.  State Farm discussed the damage with plaintiffs and with Steve Hill, who worked for the Home Owners Association and was involved in assessing damage to the condominium units from

hurricanes and coordinating repairs.  Although plaintiffs make much of the fact that Mr. Hill does not currently recollect the state of plaintiffs' condominium prior to Katrina, all of the evidence indicates that Hill observed the condition of the condominium shortly after Hurricane Katrina, that he was aware at that time of the condition of the condominium prior to Katrina, and that he observed no damage resulting from Katrina.

The only evidence offered by plaintiffs to contradict the conclusion that the condominium was not damaged by Hurricane Katrina is their own general assertion that there was damage and the statement of one of the contractors that worked on the condominium, Steve Smith.  Mr. Smith states that "it was evident" that the condominium sustained water damage from Hurricane Katrina.  However, as noted above with regard to defendant's motion to strike, Mr. Smith did not observe or have any knowledge of the state of plaintiffs' condominium prior to Hurricane Katrina.  Since the repairs in the condominium from Hurricane Ivan had not been completed at the time Katrina hit, the fact that hurricane damage was evident does not contradict State Farm's evidence.  State Farm would likely agree that hurricane damage was evident following Hurricane Katrina, but that fact is consistent with State Farm's view that the damage was from Hurricane Ivan.

Plaintiffs also assert that just because the Ivan related repairs were not completed when Katrina hit, does not mean that Katrina could not cause new physical damage to the condominium.  However, the possibility that damage could have occurred that would have required State Farm to pay plaintiffs' claim is not sufficient evidence to withstand summary judgment.  The court finds that plaintiffs have not shown that there is a genuine issue of material fact regarding whether plaintiffs' condominium sustained damage from Hurricane Katrina.  All evidence indicates that plaintiffs' condominium did not suffer damages from Katrina.  Therefore, there is no evidence that State Farm, by denying plaintiffs' claim, failed to perform as required under the policy.

Since the court finds that plaintiffs have not adequately supported their claim for breach

of contract, the court finds it unnecessary to determine whether plaintiffs' failure to timely provide a proof of loss or properly notify State Farm of their alleged damage constituted nonperformance by plaintiffs.

### 2. Bad Faith

Plaintiffs seek damages for State Farm's bad faith refusal to pay and failure to adequately investigate their claim. The Alabama Supreme Court has established that the plaintiff has the burden of proving a prima facie case for the tort of bad faith refusal to pay an insurance claim. Nat'l Sav. Life Ins. Co. v. Dutton, 419 So. 2d 1357, 1361 (Ala. 1982). For an ordinary bad-faith claim, a plaintiff must prove: "(1) the existence of an insurance contract; (2) an intentional refusal to pay the claim; and (3) the absence of any lawful basis for the refusal and the insurer's knowledge of that fact or the insurer's intentional failure to determine whether there is any lawful basis for its refusal." Acceptance Insurance Co. v. Brown, 832 So.2d 1, 16 (Ala. 2001) (citing National Sec. Fire & Cas. Co. v. Bowen, 417 So.2d 179, 183 (Ala. 1982)). "Normal bad faith claims are often referred to as directed verdict on the contract claim[s], ... because a plaintiff must show that he is entitled to a directed verdict on the breach of contract claim in order to have his bad faith claim submitted to a jury." Mut. Serv. Cas. Ins. Co. v. Henderson, 368 F.3d 1309, 1314 (11th Cir. 2004) (internal quotations omitted) (citing Employees' Benefit Assoc. v. Grissett, 732 So.2d 968, 976 (Ala. 1998)); Blackburn v. Fid. & Deposit Co. of Md., 667 So.2d 661, 668 (Ala. 1995); Nat'l Sav. Life Ins. Co. v. Dutton, 419 So.2d 1357, 1362 (Ala. 1982)). "[A]n insurer is liable for its refusal to pay a direct claim when there is no lawful basis for the refusal coupled with actual knowledge of that fact." Nat'l Sav. Life Ins. Co. v. Dutton, 419 So.2d at 1361, citing Chavers v. National Security Fire Ins. Co., 405 So.2d 1 (Ala. 1981). To show that no lawful basis exists requires evidence that "the insurer lacks a legitimate or arguable reason for failing to pay the claim." Gulf Atlantic Life Ins. Co. v. Barnes, 405 So.2d 916, 924 (Ala. 1981). When a claim is "fairly debatable," the insurer is entitled to debate it, whether the debate concerns a matter of fact or law. National Sec. Fire & Cas. Co. v. Bowen, 417 So.2d 179,

183 (Ala. 1982) (citing Gulf Atlantic supra).  The "debatable reason" means an arguable reason, one that is open to dispute or question. Id. (citations omitted).

In this case, the court has found that summary judgment is due to be granted in favor of defendant as to plaintiffs' breach of contract claim.  Even if plaintiffs could maintain their breach of contract claim, State Farm clearly had a debatable reason to deny plaintiffs' Hurricane Katrina claims.  State Farm had inspected the condominium and found that there was no additional damage caused by Hurricane Katrina.  Assuming for the sake of argument that the condominium was damaged by Hurricane Katrina, there is no evidence that State Farm was aware of any damage.

Plaintiffs make much of the fact that one of State Farm's letters to plaintiffs referred plaintiffs to policy language regarding "loss of use," and that the "loss of use" is not consistent with State Farm's contention that no damage was incurred.  However, even in that letter, which apparently quotes the wrong policy provision, State Farm also stated that " no covered damage has been found in your unit."  The evidence clearly shows that State Farm has always taken the position that plaintiffs' condominium simply did not sustain damage from Hurricane Katrina.  The inclusion of an immaterial policy provision in a letter to plaintiffs does not show bad faith.  Thus, the court finds that plaintiffs' ordinary bad faith claim fails.

Plaintiffs also assert that they can maintain an "extraordinary bad faith claim."   Where the insurer recklessly or intentionally failed to properly investigate a claim or to subject the results of its investigation to a cognitive evaluation and review, the insured can make an extraordinary bad faith claim.   For extraordinary claims, a plaintiff must prove:

> (1) that the insurer failed to properly investigate the claim or to subject the results of the investigation to a cognitive evaluation and review; and
> (2) that the insurer breached the contract for insurance coverage with the insured when it refused to pay the insured's claim."

Acceptance Insurance, 832 So.2d at 16.  In order to prove this, courts require that the plaintiff produce substantial evidence of at least one of the following:

that the insurer (1) intentionally or recklessly failed to investigate the plaintiff's

> claim; (2) intentionally or recklessly failed to properly subject the plaintiff's claim to a cognitive evaluation or review; (3) created its own debatable reason for denying the plaintiff's claim; or (4) relied on an ambiguous portion of the policy as a lawful basis to deny the plaintiff's claim.

Id. (citing State Farm Fire & Casualty Co. v. Slade, 747 So.2d 293, 306-307 (Ala. 1999)).

In this case, plaintiffs cannot maintain a claim for extraordinary bad faith because they have not shown that State Farm breached the contract for insurance when it refused to pay their claim. Even if plaintiffs had a viable breach of contract claim, they have not shown that State Farm failed to investigate the claim. State Farm inspected the condominium more than once, took photographs, met with Mr. Dicks, and met with an employee for the homeowners' association who was responsible for assessing damage to the condominium units from hurricanes and for coordinating repairs. Plaintiffs contend that State Farm should have talked to their contractor, Mr. Smith. However, as discussed above, Steve Smith did not possess the requisite knowledge or experience to definitively determine whether plaintiffs' unit sustained damage as a result of Hurricane Katrina. More importantly, there is no evidence that, prior to this litigation, plaintiffs offered Smith's opinion or submitted an estimate or other evidence from Smith indicating that Smith believed there was damage from Katrina. State Farm spoke with Mr. Hill who was responsible for coordinating all of the repairs and who confirmed that there was no damage from Katrina. There was no reason to disbelieve Hill, especially when State Farm's claims representatives had inspected the property themselves and found that there was no damage. Thus, the court finds that plaintiffs' extraordinary bad faith claim fails.

## CONCLUSION

For the reasons stated above, the motion of defendant, State Farm Fire and Casualty Co., for summary judgment (Doc. 27) is **GRANTED**.

**DONE and ORDERED** this 23rd day of July, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE